# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **CAMERON C. CHRISTAW** | **CIVIL ACTION NO. 19-1381-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Cameron C. Christaw ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on October 23, 2019. Petitioner is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his state court conviction and sentence. He names the State of Louisiana as respondent.

On January 17, 2006, Petitioner pleaded guilty to one count of armed robbery in the Louisiana First Judicial District Court, Parish of Caddo. Subsequently, he was sentenced to 30 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Petitioner's conviction and sentence were affirmed on appeal. State v. Christaw, 41,641 (La. App. 2 Cir. 12/13/06), 945 So.2d 217.

In support of this petition, Petitioner alleges the state trial court exceeded its jurisdiction in violation of due process of law because the bill of information was defective.

Petitioner's claim was not properly exhausted through the appropriate state courts. Petitioner filed a petition for writ of habeas corpus in the trial court. The trial court denied his petition for writ of habeas corpus on February 15, 2018. Petitioner sought supervisory review in the Louisiana Second Circuit Court of Appeal. On April 3, 2019, the Louisiana Second Circuit Court of Appeal found that Petitioner's claims were in the nature of post-conviction relief and denied his writ application as untimely pursuant to La. C.Cr.P. art. 930.8 [Doc. 6, p. 6]. Petitioner then sought writs of review in the Supreme Court of Louisiana. On October 8, 2019, the Supreme Court of Louisiana found his filing to be an application for post-conviction relief, not a petition for writ of habeas corpus, and dismissed his application for relief pursuant to Louisiana's procedural bar La. C.Cr.P. art. 930.8 as untimely and for failure to show that an exception applied. State ex rel. Christaw v. State, 280 So.3d 151 (La. 10/8/19).

On November 5, 2019, Petitioner was ordered to demonstrate cause for his failure to present his claims to the appropriate state courts and actual prejudice as a result of the alleged assignment of error or to demonstrate that this court's failure to consider his claims will result in a fundamental miscarriage of justice [Doc. 5]. On November 21, 2019, Petitioner filed a response in which he argues that a defendant may raise an objection to the indictment for failure to charge an offense at any time and the defect is not waived by a guilty plea. He argues that his incarceration is a violation of constitutional law because the instrument used to initiate prosecution does not contain the essential elements to legally charge a defendant with a crime under Louisiana law. He argues that the bill of information

used to charge him stated he violated La. R.S. 14:64 in that he robbed Johnny's Pizza. Petitioner argues that the bill of information failed to state that he took something of value from the person of another [Doc. 6].

For the reasons stated below, Petitioner's complaint should be dismissed.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  However, the right to pursue habeas relief in federal court is not unqualified.  It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations.  Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct.509, 30L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra.  When, however, state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims.  Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995).  Assuming the state procedural bar operates as an independent and adequate state ground, the procedural default doctrine applies, and federal review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Sones v. Hargett, 61 F.3d at 418, citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's [or petitioner's] efforts to develop the "factual or legal basis of the claim." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Objective factors that constitute cause include "interference by officials" that makes compliance with the state procedural rule impracticable and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Id.

The Supreme Court has long held that comity concerns dictate that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. Coleman, 501 U.S. at 731; Rose v. Lundy, 455 U.S. 509,518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. The independent and adequate state ground doctrine ensures that the State's interest in correcting their own mistakes is respected in all federal habeas cases. In the absence of the independent and adequate state ground doctrine, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. Id. While subject to rebuttal

by the petitioner, the procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Sones, 61 F.3d at 416.

Petitioner argues his claims are not procedurally barred because the bill of information was defective under Louisiana law and such a claim can be raised at any time. He claims that he did not become aware of the defect until 12 years after his guilty plea when he was mentored by others who were knowledgeable in the law and the judicial process [Doc. 6, p. 5].

Because Petitioner has failed to make a showing of cause, the procedural default rule applies, without the necessity of considering whether the alleged constitutional error caused actual prejudice.  Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)); Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995).

Furthermore, Glover v. Cain, 128 F.3d 900 (5th Cir. 1997) clearly establishes that La. C.Cr.P. art. 930.8 is an independent and adequate state ground for rejecting an application for post-conviction relief.

There is a narrow exception to the "cause" requirement which allows the court to consider a claim otherwise abusive.  If the petitioner can demonstrate that the alleged constitutional violation probably has caused the conviction of an innocent person and the failure to entertain the claim would result in "a fundamental miscarriage of justice," the court may consider the claim.  Murray v. Carrier, supra.  The question whether there has been a miscarriage of justice "is concerned with actual as compared with legal innocence."

Sawyer v. Whitley, 505 U.S. 333, 339-342, 112 S.Ct. 2514, 2519-20, 120 L.Ed.2d 269 (1992). "The term 'actual innocence' means factual, as opposed to legal, innocence --'legal innocence', of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence . . . means that the person did not commit the crime." Johnson v. Hargett, 978 F.2d 855, at 859, (5th Cir. 1992).  To fall within the actual innocence exception, a habeas petitioner must show that the trier of facts would have entertained a reasonable doubt of his guilt.  Kuhlmann v. Wilson, 477 U.S. 436, at 454 n. 17, 106 S.Ct. 2616, at 2627 n. 17.  To establish actual innocence, a petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Fairman v. Anderson,188 F.3d 635 (5th Cir. 1999)(citing Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct.851, 130 L.Ed.2d 808 (1995)).  Petitioner has not alleged his actual innocence of the conviction.

   Accordingly;

   **IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE**.

### OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(c) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b).  A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a COA when it enters a final order adverse to the applicant. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a COA should issue.

**THUS DONE AND SIGNED** in chambers at Shreveport, Louisiana, this 20th day of

April, 2020.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE